UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | | |
|---|---|---|---|---|
| Filing Date: | **11/11/09** | | Docket #: | **09-44809** |
| Debtor: | **Robert Rozmarin** | | Co-Debtor: | **Tatiana Rozmarin** |
| SS#: | **xxx-xx-9042** | | SS#: | **xxx-xx-8920** |
| Address: | **40 Laurelwood Drive, Unit A40 Hopedale, MA 01747** | | Address: | **40 Laurelwood Drive, Unit A40 Hopedale, MA 01747** |

Debtor's Counsel: **Vladimir von Timroth, Esq.**
Address: **679 Pleasant Street**
**Paxton, MA 01612**
Telephone #: **508 753-2006**
Facsimile #: **508 753-2002**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

## CHAPTER 13 PLAN

Docket No.: **09-44809**

DEBTORS:   (H)  **Robert Rozmarin**                         SS#  **xxx-xx-9042**

           (W)  **Tatiana Rozmarin**                        SS#  **xxx-xx-8920**

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **215.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

**The Debtors propose 60 month plan in order to allow them to provide 100% dividend.**

☐ ____ Months.  The Debtor states as reasons therefore:


II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Washington Mutual** | **Pre-petition arrears** | $ **4,742.49** |
| **Washington Mutual** | **Pre-petition arrears** | $ **1,000.00** |
| **Laurelwood II Condominium Trust** | **Pre-petition arrears** | $ **938.29** |

Total of secured claims to be paid through the Plan $ **6,680.78**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Laurelwood II Condominium Trust** | **Statutory (condo fees)** |
| **Volvo Car Finance NA** | **Automobile loan** |
| **Washington Mutual** | **Mortgage** |
| **Washington Mutual** | **Equity plus credit line** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       **-NONE-**
       ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
       **-NONE-**
       .

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Massachusetts Department of Revenue** | **Sales and Use Tax** | $ **4.09** |
| **Town of Hopedale** | **Water and Sewer** | $ **293.16** |
| **Town of Hopedale** | **Real estate taxes** | $ **1,387.22** |
| | Total of Priority Claims to Be Paid Through the Plan $ | **1,684.47** |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):      $ **1,174.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **100** % of their claims.

A. General unsecured claims:      $ **0.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Washington Mutual** | **Fixed rate loan** | $ **88,984.71** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):      $ **2,037.03**

D. Multiply total by percentage:  $  **2,037.03**
(Example:  Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%     $  **0.00**

VI.  OTHER PROVISIONS

    A.  Liquidation of assets to be used to fund plan:

    B.  Miscellaneous provisions:

**Effect of Confirmation:**

**The provisions of this confirmed plan bind the Debtor(s) and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.**

**Except as otherwise provided in the Plan, or the Order Confirming the Plan, the confirmation of this Plan vests all of the property of the estate in the Debtor.**

**Except as otherwise provided in the Plan, or the Order Confirming the Plan, the property vesting in the Debtor is free and clear of any claim or interest of any creditor provided for by the Plan.**

**Upon entry of the Order Confirming the Plan, the mortgage holder(s) or its servicer(s) shall declare the mortgage "current", and shall so notify all credit reporting agencies to which reports concerning the Debtor's payment history have previously been sent.**

**Payments under the Plan are intended to be payment in full.**

**Upon completion of the plan the lien of Washington Mutual Bank FA recorded in the Worcester County Registry of Deeds, Book 36479, Page 165 as amended by Agreement between the Debtors and Washington Mutual Bank FA recorded in the Worcester County Registry of Deeds, Book 42261, Page 125 shall become null and void. The recording of the Confirmed Chapter 13 Plan and the Trustee's Final Report stating that the Debtors completed all their plan payment shall constitute sufficient and conclusive evidence of discharge of said mortgage.**

**Debtor's post petition payments to JPMorgan Chase Bank, N.A. or its successor shall be credited to the corresponding monthly post petition mortgage payments and shall not be applied to the pre-petition arrears.**

**The Confirmation Order may have the effect of res judicata with respect to adequate protection, to lack of equity, and to the issue of the property for successful rehabilitation.**

VII.  CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Section II-A&D Total): | $ 6,680.78 |
| b) Priority claims (Section III-A&B Total): | $ 1,684.47 |
| c) Administrative claims (Section IV-A&B Total): | $ 1,174.00 |
| d) Regular unsecured claims (Section V-D Total): | $ 2,037.03 |
| e) Separately classified unsecured claims: | $ 0.00 |
| f) Total of a + b + c + d + e above: | =$ 11,576.28 |
| g) Divide (f) by .90 for total including Trustee's fee: Cost of Plan= | $ 12,900.00 |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                                               60 months
i. Round up to nearest dollar for Monthly Plan Payment:           $           215.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII.  LIQUIDATION ANALYSIS

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **40 Laurelwood Dr  UNIT 40  Hopedale  MA 01747**<br>**2 beds, 1.5 baths, 1,440 sq ft condo** | $ 203,500.00 | $ 303,080.76 |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B.  Automobile (Describe year, make and model):

**2006 Volvo XC90 (40,000 miles)**   Value $ 17,830.00   Lien $ 24,000.00   Exemption $ 0.00

| | |
|---|---|
| Total Net Equity: | $ 0.00 |
| Less Total Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

**Cash on Hand**
**Bank of America business checking No. 4146**
**Bank of America business economy checking No. 2934**
**Bank of America business interest checking**
**Bank of America personal checking No. 1042**
**Bank of America money market account No. 2447**
**Furniture (15 years old), 40"TV (1 year old), computer (6 months old)**
**Bible, cookbooks, books in russian, icons, one print purchased for $90.00**
**nothing of value**
**Silver jewelry, mink coat**
**Inversion table**
**Homeowners insurance**
**Auto insurance**
**Business liability insurance**
**Pure Home Center**
**Drivers licenses**
**1 cash register, fax machine**
**Air purifiers, radio, shaking machine, 9 shelves, 4 display cases (build in)**
**Small inventory of paint and flooring samples, artificial plant**

Total Net Value: $ **13,260.01**
Less Total Exemptions (Schedule C): $ **13,260.01**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Vladimir von Timroth, Esq.**             **January 28, 2010**
**Vladimir von Timroth, Esq.**                              Date
Debtor's Attorney
Attorney's Address: **679 Pleasant Street**
**Paxton, MA 01612**
Tel. #:    **508 753-2006 Fax:508 753-2002**
Email Address:   **vontimroth@gmail.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **January 28, 2010**        Signature   **/s/ Robert Rozmarin**
                                             **Robert Rozmarin**
                                             Debtor

Date **January 28, 2010**        Signature   **/s/ Tatiana Rozmarin**
                                             **Tatiana Rozmarin**
                                             Joint Debtor